**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

ANTONIO BATTELO,

        Plaintiff,

v.

AMSHER COLLECTION SERVICES, INC., an Alabama corporation,

        Defendant.

---

## COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.     This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3.     Venue is proper in this Judicial District.

4.     The acts and transactions alleged herein occurred in this Judicial District.

5.     The Plaintiff resides in this Judicial District.

6.     The Defendant transacts business in this Judicial District.

### PARTIES

7.     Plaintiff Antonio Battelo is a natural person.

8.    The Plaintiff resides in the City of Ault, County of Greeley, State of Colorado.

9.    The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.   The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11.   Defendant Amsher Collection Services, Inc. is a Alabama corporation operating from an address at 600 Beacon Parkway West, Suite 300, Birmingham, Alabama, 35209.

12.   The Defendant's registered agent in the state of Colorado is The Corporation Service Company, 1560 Broadway, Suite 2090, Denver, Colorado, 80202.

13.   The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.   The Defendant is licensed as a collection agency by the state of Colorado.

15.   The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16.   The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.   The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## **FACTUAL ALLEGATIONS**

18.   Sometime before 2012 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family and household purposes namely an amount due and owing on a personal account owed to TMobile (hereinafter the "Account").

19.   The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20.   The Account went into default with TMobile.

21.   After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22.   The Account was placed or otherwise transferred to the Defendant for collection.

23.   The Plaintiff disputes the Account.

24.   The Plaintiff requests that the Defendant cease all further communication on the Account.

25.   The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

26.   The Defendant acted at all times mentioned herein through its employee(s).

27.   In 2013 the Plaintiff and the Defendant had telephone conversation(s) regarding the Account.

28.   The Defendant's purpose for these telephone conversations(s) was to attempt to collect the Account.

29. The telephone conversation(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

30. The telephone conversation(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

31. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

32. On or about February 12, 2013 the Defendant while attempting to collect the Account sent the Plaintiff a letter dated February 12, 2013 via US mail regarding the Account.

33. See attached **Exhibit 1** which is a redacted copy of the letter the Defendant sent to the Plaintiff via US mail dated February 12, 2013 regarding the Account while the Defendant was attempting to collect the Account from the Plaintiff.

34. In March 2013 the Plaintiff called the Defendant to discuss the Account and to dispute the Account with the Defendant.

35. In March 2013 the Plaintiff had a telephone conversation regarding the Account with the Defendant via its employee(s).

36. During the telephone conversation in March 2013 between the Defendant and the Plaintiff the Defendant via its employee located the Account using the Defendant's account number, 13393130, and informed the Plaintiff

that the Defendant had the Plaintiff's TMobile account with a balance of $1,152.96.

37.     During the telephone conversation in March 2013 between the Plaintiff and the Defendant, the Plaintiff disputed the Account.

38.     During the telephone conversation in March 2013 between the Plaintiff and the Defendant the Plaintiff stated: I don't agree with the amount that's owed.

39.     During the telephone conversation in March 2013 between the Plaintiff and the Defendant the Defendant stated: How much do you feel you owe?

40.     During the telephone conversation in March 2013 between the Plaintiff and the Defendant the Plaintiff stated: Not that much.

41.     During the telephone conversation in March 2013 between the Plaintiff and the Defendant the Plaintiff stated: I don't owe that much.

42.     During the telephone conversation in March 2013 between the Plaintiff and the Defendant the Plaintiff stated: I don't agree I owe that much.

43.     After the telephone conversation between the Plaintiff and the Defendant regarding the Account in March 2013 the Plaintiff sent the Defendant a $20.00 payment on the Account via US mail.

44.     The Defendant received the Plaintiff's $20.00 payment on the Account in March 2013.

45.     The Plaintiff disputed the Account with the Defendant in March 2013.

46.     The Defendant was aware that the Account was disputed in March 2013.

47.   Prior to April 2013 the Defendant was aware that the Account was disputed.

48.   Prior to April 2013 the Defendant was informed that the Account was disputed.

49.   Prior to April 2013 the Defendant was aware that in March 2013 the Plaintiff disputed the Account.

50.   Prior to April 2013 the Defendant was aware that in March 2013 the Plaintiff stated to the Defendant during a telephone call with the Defendant regarding the Account: "I don't owe that much", "I don't agree with the amount that's owed" and "I don't agree I owe that much".

51.   After March 2013 the Defendant communicated information regarding the Account to Experian, Equifax and/or Transunion, credit reporting agencies.

52.   After March 2013 when the Defendant communicated information regarding the Account to Experian, Equifax and/or Transunion the Defendant failed to communicate to Experian, Equifax and/or Transunion that the Account was disputed.

53.   After March 2013 when the Defendant communicated information regarding the Account to Experian, Equifax and/or Transunion the Defendant did not communicate to Experian, Equifax and/or Transunion that the Account was disputed.

54.     The information communicated to Experian, Equifax and/or Transunion by the Defendant after March 2013 on the Account conveyed information regarding the Account directly or indirectly to Experian.

55.     The information communicated to Experian, Equifax and/or Transunion by the Defendant after March 2013 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

56.     The only reason that the Defendant communicated the information regarding the Account after March 2013 to Experian, Equifax and/or Transunion was to attempt to collect the Account.

57.     In April 2013 the Defendant communicated information regarding the Account to Experian, a credit reporting agency.

58.     See attached **Exhibit 2** which is two (2) redacted pages of Plaintiff's Experian Credit Report dated 4/25/2013 consisting of page one which indicates that it is the Plaintiff's Experian Credit Report and page 2 which contains the Defendant's entry on the credit report for the Account.

59.     In April 2013 the Defendant communicated to Experian that the balance on the Account was: $1,132.

60.     On or before April 2013 the Defendant communicated to Experian that the Original Creditor on the Account was: T-MOBILE.

61.     In April 2013 the Defendant failed to communicate to Experian that the Account was disputed.

62.     In April 2013 the Defendant did not communicate to Experian that the Account was disputed.

63.     The information communicated to Experian by the Defendant in April 2013 on the Account conveyed information regarding the Account directly or indirectly to Experian.

64.     The information communicated to Experian by the Defendant in April 2013 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

65.     The only reason that the Defendant communicated the information regarding the Account in April 2013 to Experian was to attempt to collect the Account.

66.     Upon information and belief in 2013 the Defendant regularly reported information on Account(s) that it was attempting to collect to Experian.

67.     Upon information and belief in 2013 the Defendant regularly reported information on Account(s) that it was attempting to collect from individuals residing in the state of Colorado to Experian.

68.     Upon information and belief in 2013 the Defendant reported information to Experian on Account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

69.     Upon information and belief in 2013 the Defendant regularly reported information on Account(s) that it was attempting to collect to Equifax.

70.   Upon information and belief in 2013 the Defendant regularly reported information on Account(s) that it was attempting to collect from individuals residing in the state of Colorado to Equifax.

71.   Upon information and belief in 2013 the Defendant reported information to Equifax on Account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

72.   Upon information and belief in 2013 the Defendant regularly reported information on Account(s) that it was attempting to collect to Transunion.

73.   Upon information and belief in 2013 the Defendant regularly reported information on Account(s) that it was attempting to collect from individuals residing in the state of Colorado to Transunion.

74.   Upon information and belief in 2013 the Defendant reported information to Transunion on Account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

75.   The telephone conversation(s) in March 2013 between the Plaintiff and the Defendant and / or employee(s) of the Defendant each conveyed information regarding the Account directly or indirectly to the Plaintiff.

76.   The telephone conversation(s) in March 2013 between the Plaintiff and the Defendant and / or employee(s) of the Defendant each constituted a "communication" as defined by FDCPA § 1692a(2).

77.   On information and belief the Defendant made a audio recording and/or audio recording(s) of its telephone conversation(s) with the Plaintiff in March 2013.

78.   On information and belief the Defendant has a copy and/or copies of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff in March 2013.

79.   On information and belief the Defendant made audio recording(s) of some of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

80.   On information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

81.   On information and belief the Defendant made audio recording(s) of all of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

82.   On information and belief the Defendant has a copy and/or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

83.   On information and belief the Defendant's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

84.     On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian, Equifax and Transunion on the Account.

85.     On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian, Equifax and/or Transunion on the Account after March 2013.

86.     On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian, Equifax and/or Transunion on the Account in April 2013.

87.     The Defendant did not communicate to Experian, Equifax and/or Transunion that the Account is disputed on or before to May 6, 2013.

88.     In April 2013 the Defendant communicated information regarding the Account to Experian, Equifax and/or Transunion without communicating that the Account is disputed.

89.     The Defendant's action(s) constitute false and misleading representation(s) and mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

90.     The Defendant's action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

91.   Credit reporting constitutes an attempt to collect a debt.  See, e.g., <u>Rivera</u> <u>v. Bank One</u>, 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); <u>Matter of</u> <u>Sommersdorf</u>, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); <u>Ditty v.</u> <u>CheckRite, Ltd.</u>, 973 F.Supp. 1320, 1331 (D.Utah 1997).

92.   "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." <u>Smith v. National Credit Systems, Inc.</u>, 807 F.Supp.2d 836, 840 (D.Az. 2011).

93.   "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate  "one violation of its provisions" to be entitled to a favorable judgment." <u>Doshay v. Global Credit and Collection Corporation</u>, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

94.   As a consequence of the Defendant's action(s) in the year prior to to filing of the instant action, the Plaintiff seeks damages pursuant to FDCPA § 1692k.

## COUNT I, FDCPA VIOLATION

95.   The previous paragraphs are incorporated into this Count as if set forth in full.

96.   The act(s) and omission(s) of the Defendant constitute a violation of the FDCPA § 1692e preface, e(2)(A), e(8), e(10) and § 1692f preface.

97.   Pursuant to FDCPA § 1692k the Plaintiff seeks damages,

reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const.

amend. 7., Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1.      A judgment in favor of the Plaintiff and against the Defendant.

2.      Damages pursuant to 15 U.S.C. § 1692k(a).

3.      Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.      Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson         _____
David M. Larson, Esq.
88 Inverness Circle East, Suite I-101
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff